No. 19,796.

MAY W. CHRISTIAN, *Appellee*, v. THE UNION TRACTION COM-
PANY, *Appellant*.

SYLLABUS BY THE COURT.

1. REFUSAL TO DIRECT VERDICT—*Conflicting Evidence.* Rules followed
that a verdict supported and approved must stand, and that when
the evidence is conflicting a refusal to direct a verdict is not error.

2. NEGLIGENCE—*No Material Error in Instructions.* One allegation of
negligence on which some evidence was introduced was ignored in
the instructions given, the jury being charged that to recover the
plaintiff must sustain the other allegation. *Held*, that under these
circumstances it was not material error to refuse instructions re-
quested by the defendant on the allegation thus ignored.

3. SPECIAL QUESTIONS—*Refusal to Submit—No Error.* The refusal to
submit two of ten special questions requested by a party is not
materially prejudicial when substantial repetitions and when the
answers to those submitted clearly indicate that answers to those
refused would not have benefited the party complaining.

4. CONTRIBUTORY NEGLIGENCE—*Alighting from Street Car.* It was not
necessarily negligent for the plaintiff to attempt to alight from the
car a short distance from the usual stopping place if she believed it
had come to a stop in response to her signal or request.

5. NEGLIGENCE—*Special Finding—Conflicting Evidence.* A special find-
ing, although against much of the evidence, if supported by some com-
petent evidence, not attempted to be set aside by motion of the com-
plaining party, and approved by the trial court on overruling a motion
for new trial involving such finding, will not be disturbed by this
court.

Appeal from Montgomery district court; THOMAS J. FLAN-
NELLY, judge. Opinion filed January 8, 1916. Affirmed.

*John J. Jones,* of Chanute, and *Chester Stevens,* of Inde-
pendence, for the appellant.

*Thomas E. Wagstaff,* and *S. P. Miles,* both of Independence,
for the appellee.

The opinion of the court was delivered by.

WEST, J.: This is an appeal from a judgment for damages
recovered by the plaintiff for injuries sustained by being
thrown from one of the defendant's street cars. It was al-

leged that the car gradually came to a stop at or near the west curb line of Eleventh street, and that as the plaintiff attempted to descend the steps when the car had become stationary the car, without warning, suddenly started, throwing her to the pavement and injuring her. It was contended by the defendant that the plaintiff negligently attempted to alight while the car was in motion and thus by her own fault received whatever injury she suffered. There was competent evidence to support both theories. The jury returned a general verdict in favor of the plaintiff.

The first assignment of error, the refusal to direct a verdict for the defendant, is, in face of the conflicting evidence, without merit.

Certain complaints touching the giving and refusing of instructions are made, but a careful examination of the entire matter leads to the conclusion that the jury were properly charged.

There was an allegation that the conductor negligently failed to assist the plaintiff to alight, but not only was this feature of the case ignored in the instructions and but little attention paid to it in the evidence, but the counsel for appellant in their brief say that there is but one question involved—the negligence in starting the car and the alleged contributory negligence of the plaintiff in attempting to alight while the car was in motion. Hence the refusal of certain instructions as to the duty of a conductor to help passengers to alight becomes immaterial.

The defendant submitted ten questions, seven of which were answered and three of which were stricken out by the court. The seven had reference to the usual stopping place of the cars, to the slowing up of one on which the plaintiff was riding, to the nonaccidental nature of plaintiff's fall and the place where it occurred. In answer to question No. 10, the jury found that the plaintiff fell from the car about twenty-three feet east of the usual and customary stopping place at Eleventh street. Question No. 6, refused, was substantially covered by this. Question No. 5 and the answer were:

"Do you find from the testimony that the car was slowing up for the Eleventh street stop when the plaintiff stepped or fell off of the car? A. It slowed up and stopped."

Questions Nos. 3 and 4 were whether when the plaintiff fell from the car it was moving about two miles an hour, and if not, at what speed was it moving when she attempted to alight? While these questions were of themselves proper and should have been given, the answer to question No. 5 was so nearly an essential answer to all three that no prejudicial error appears to have resulted from the rejection.

Counsel severely criticize the answer to question No. 2, that the plaintiff did not know that the usual and customary place of stopping was opposite the sidewalk on the west side of Eleventh street, and assert that it is directly contradictory to the testimony of the plaintiff herself that she knew the usual stopping place was "at a point where the rear steps of the car would be practically opposite the sidewalk." It seems to have been generally understood that the rule was to stop on the farther side of the street, and this the plaintiff in effect admitted, but had the question been answered the other way, and had the plaintiff in fact known that the usual and customary place for stopping was opposite the sidewalk on the west side of Eleventh street, such knowledge would not have precluded her from attempting to alight when she thought the car, in obedience to her signal or request, had come to a stop, although a few feet this side of the usual stopping place.

It is contended that the finding that the car slowed up and stopped is against the overwhelming weight of the evidence, but there was some competent evidence to support such finding, there was no motion to set it aside and it was approved by the trial court, and we can not disturb it.

Some complaint is made that excessive damages were allowed, but an examination of the record discloses nothing requiring reversal or modification on that ground.

The plaintiff was injured. Somebody was careless. The jury and the trial court have from competent evidence concluded that it was the defendant. No error materially prejudicial appears and this conclusion must stand.

The judgment is affirmed.